**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| YUFENG WU,<br><br>       Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>       Respondent. | No.   15-72217<br><br>Agency No. A205-567-168<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]
San Francisco, California

Before:  FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

Yufeng Wu, a native and citizen of China, petitions for review of the order

of the Board of Immigration Appeals ("BIA") dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.    Substantial evidence supports the BIA's adverse credibility determination based upon the inconsistencies between Wu's declaration (submitted with his asylum application) and his testimony. *See Rivera v. Mukasey*, 508 F.3d 1271, 1274-75 (9th Cir. 2007). In affirming the IJ's credibility finding, the BIA relied on five inconsistencies. Most notably, Wu contends that the Chinese government persecuted him for practicing Christianity by arresting him at a home church meeting and detaining him at the police station. However, Wu was unable to testify consistently with regard to whether Bibles, witness statements, or study documents were seized during the police raid. Wu's understanding of the term "Bible" is relevant to his claim of persecution on account of his Christian religion. *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (noting that "to support an adverse credibility determination, an inconsistency must not be trivial and must have some bearing on the petitioner's veracity"). Wu was confronted with this significant inconsistency, and the IJ reasonably rejected Wu's explanation for the discrepancy. *See Rivera*, 508 F.3d at 1275. The record does not compel us to

reach a contrary result.[1]  *See* 8 U.S.C. § 1252(b)(4)(B).  Thus, Wu failed to

establish that he suffered past persecution.

Substantial evidence also supports the BIA's conclusion that Wu failed to

demonstrate a well-founded fear of future persecution.  *See Lolong v. Gonzales*,

484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) ("To demonstrate a well-founded

fear of future persecution, the alien must establish that her fear is both subjectively

genuine and objectively reasonable.").  First, Wu failed to satisfy the subjective

component by not testifying credibly.  *Id.* at 1178-79.  Second, even assuming that

Wu would return to China and attend an unregistered home church, there is no

objective evidence showing that there is a pattern or practice of harm against

Christians attending home churches in China or that Wu would face an

individualized risk of future persecution.  *See id.*

In the absence of credible evidence, Wu's claims for asylum and

withholding of removal based on his Christian religion fail.  *See Farah v. Ashcroft*,

348 F.3d 1153, 1156 (9th Cir. 2003).

---

[1] Although all of the adverse credibility findings are supported by substantial evidence, we can deny the petition if a single finding is supported by substantial evidence.  *See Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011).  We therefore do not specifically address the four other findings.

2.    Substantial evidence supports the BIA's denial of CAT relief.  Because Wu's CAT claim is based on the same testimony that the IJ found to be not credible, it fails as well.  *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).  Further, although the country reports show that there is some religious persecution in China, it is not sufficient evidence to compel the conclusion that it is more likely than not that Wu would be tortured if he were returned to China.  Wu points to no other evidence that the IJ should have considered.  *See Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**